Electronically Filed by Superior Court of California, County of Orange, 11/01/2019 04:19:11 PM.
DAVID H. YAMASAKI, Clerk of the Court By Stephen Corona, Deputy Clerk. 30-2019-01109198-CU-CR-CJC ROA # 2

CITY OF ORANGE
CITY CLERK

2019 NOV 12 AM 10: 08

1 Douglas S. Gilliland, Esq. (SBN 157427)
THE GILLILAND FIRM
2 402 West Broadway, Suite 1760
San Diego, California 92101
3 Telephone:   (619) 878-1580
Facsimile:    (619) 878-6630
4 doug@thegillilandfirm.com

5 Attorneys for Plaintiff BRUNO GUPTA

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ORANGE

| | |
|---|---|
| BRUNO GUPTA, an individual, | Case No.: 30-2019-01109198-CU-CR-CJC |
| Plaintiff, | Judge Thomas A. Delaney |
| v. | **COMPLAINT FOR:** |
| CITY OF ORANGE, a municipal corporation, DOE Officer SANDRA, an individual, DOE Officer 2, an individual, | 1. Arrest Without Probable Cause 42 U.S.C. section 1983 |
| Defendants. | 2. Negligence |

THE GILLILAND FIRM
402 West Broadway, Suite 1760
San Diego, California 92101
TEL (619) 878-1580  FAX (619) 878-6630

COMES NOW, Plaintiff BRUNO GUPTA, an individual, by and through his attorneys of record, and THE GILLILAND FIRM, by Douglas S. Gilliland, Esq., and alleges as follows:

## I.

## JURISDICTION AND VENUE

1. Venue of this lawsuit is proper in the Superior Court of the state of California, in and for the county of Orange, pursuant to Code of Civil Procedure section 395(a), because Defendant CITY OF ORANGE, is a municipal corporation formed and doing business in Orange County, California and facts giving rise to the personal injuries alleged all occurred in Orange County, California.

## II.

## GENERAL ALLEGATIONS

2. At all times relevant to this complaint, Plaintiff BRUNO GUPTA was an individual residing in Contra Costa County, California.

3. At all times relevant to this complaint, Defendant CITY OF ORANGE was a municipal corporation, incorporated in 1888 in Orange County, California.

4. At all times relevant to this complaint, Defendant DOE Officer SANDRA was an individual and police officer employed by Defendant CITY OF ORANGE.

5. At all times relevant to this complaint, Defendant DOE Officer 2 was an individual and police officer employed by Defendant CITY OF ORANGE.

6. Plaintiff is truly ignorant of the full names and identities of Defendant DOE Officer SANDRA and DOE Officer 2. Therefore, Plaintiff sues these officers under the designations of Defendant DOE Officer SANDRA and DOE Officer 2. Plaintiff will move this Court for an order granting leave to amend this complaint to include the true names and identities of these officers once their true names and identities are ascertained.

## III.

## FACTS

7. On April 13, 2019, Plaintiff BRUNO GUPTA had travelled to Orange County, California to visit some friends. At approximately 11:00 a.m., Mr. GUPTA drove his car to

**COMPLAINT**

Handy Park, located at 2143 East Oakmont Avenue in the City of Orange. Mr. GUPTA went to the park in order to meditate. Mr. GUPTA mediates in shorts, no shirt, and wooden mediation sandals (not made for walking).

8. As Mr. GUPTA was meditating, he was approached by two uniformed police officers from the City of Orange sued herein as DOE Officer SANDRA and DOE Officer 2. DOE Officer SANDRA asked Mr. GUPTA, "Jose, is that you?" Mr. GUPTA answered, "No, my name is BRUNO." DOE Officer SANDRA asked Mr. GUPTA what he was doing in the park, and Mr. GUPTA replied that he was meditating. Mr. GUPTA explained that he was originally from Mission Viejo and they discussed where he went to high school. DOE Officer SANDRA took Mr. GUPTA's pulse. The officers asked Mr. GUPTA how he got to the park. Mr. GUPTA stated that he drove his car. The officers placed Mr. GUPTA in handcuffs. DOE Officer SANDRA asked Mr. GUPTA if they could search his car. Mr. GUPTA said that was fine. DOE Officer SANDRA searched Mr. GUPTA's car and found nothing of note. The officers then arrested Mr. GUPTA for being under the influence of a controlled substance or narcotic drug.

9. The officers asked Mr. GUPTA if he would submit to a blood test. Mr. GUPTA said he did not like needles, but would submit to either a breath or urine test. The officers said they had the right to force a blood test and put Mr. GUPTA in the back of the police car and drove him to the Orange County Men's Jail located at 550 N. Flower Street in Santa Ana.

10. Once at the Orange County Men's Jail, the officers handcuffed Mr. GUPTA to a bench in the sally port. Mr. GUPTA asked for a supervisor. In response, a supervisor came to see Mr. GUPTA and told him that if he did not consent to a blood test, other officers would come hold him down and they would take his blood by force. Mr. GUPTA said that was not necessary and allowed a phlebotomist to draw his blood.

11. Mr. GUPTA was then booked under booking number 3110454 for violating Health and Safety Code section 11550 (being under the influence of a controlled substance), Case Number 19-04-0430, and his mugshot and fingerprints were taken and his personal information processed. He was then held in a cell at the Orange County Men's Jail for

3

COMPLAINT

approximately 12 hours. After 12 hours, Mr. GUPTA was told he was free to go if he signed a promise to appear in court at the Central Justice Center in Santa Ana on May 13, 2019. Mr. GUPTA agreed and signed the notice to appear.

12. Mr. GUPTA was then escorted out of the jail and released. By now, it was nighttime and Mr. GUPTA was still wearing his shorts, was shirtless, and had on wooden meditation sandals which are not made for walking. Mr. GUPTA's cell phone was still inside his car which was at Handy Park in the City of Orange. He started walking in Santa Ana in an attempt to find Handy Park in the City of Orange. He approached several people for help, but none would help. So he walked for approximately two hours. Then, he approached a couple in a fast-food parking lot and told them he needed help. They drove Mr. GUPTA back to Handy Park in the City of Orange where his car was parked.

13. On May 13, 2019, Mr. GUPTA went to the Central Justice Center in Santa Ana for his court appearance. However, no case had been filed against him. He called the court for several weeks to determine if he needed to attend court. On August 9, 2019, the Orange County District Attorney decided not to file any charges against Mr. GUPTA.

## IV.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

14. Mr. GUPTA filed his governmental claim form with the City of Orange on May 28, 2019. A true and correct copy of that claim form is attached as Exhibit 1. The claim was rejected by the City of Orange on July 10, 2019. A true and correct copy of the letter rejecting the claim is attached as Exhibit 2. Therefore, Mr. GUPTA has exhausted his administrative remedies as a prerequisite to filing state law claims.

## V.

## FIRST CAUSE OF ACTION

### False Arrest – 42 U.S.C. § 1983

### [Against DOE Officer SANDRA and DOE Officer 2]

Plaintiff BRUNO GUPTA incorporates by reference all prior allegations pled in this complaint.

4

COMPLAINT

15. Plaintiff BRUNO GUPTA had a firmly established right under the Fourth Amendment to the Constitution of the United States to be free from arrest without probable cause. Defendants DOE Officer SANDRA and DOE Officer 2 arrested Mr. GUPTA without a warrant and without probable cause to believe a crime had been committed despite the fact that Mr. GUPTA had committed no crime.

16. At the time Defendants DOE Officer SANDRA and DOE Officer 2 arrested Mr. GUPTA without a warrant and without probable cause to believe a crime had been committed, they were acting under color of state law as uniformed police officers within the course and scope of their employment for the City of Orange.

17. Defendants DOE Officer SANDRA and DOE Officer 2 acted in concert as they engaged in the arrest of Mr. GUPTA without probable cause, and said conduct deprived Mr. GUPTA of the rights, privileges, and immunities secured to him by the Fourth Amendment to the Constitution of the United States.

18. Defendants DOE Officer SANDRA and DOE Officer 2's arrest of Mr. GUPTA without probable cause was the moving force that caused general or non-economic damages to Mr. GUPTA including physical pain, suffering, and emotional distress.

19. The conduct of Defendants DOE Officer SANDRA and DOE Officer 2 constituting false arrest, justifies the imposition of punitive damages against them in order to punish them for their conduct, and to deter them from engaging in similar conduct in the future, because the conduct was malicious, oppressive and/or in reckless disregard of Mr. GUPTA's rights. The conduct was malicious because it was accompanied by ill will, spite and/or for the purpose of injuring Mr. GUPTA. The conduct was oppressive because it injured and/or damaged Mr. GUPTA and/or violated Mr. GUPTA's rights with unnecessary harshness and/or severity, and it was a misuse or abuse of authority or power by the defendants. The conduct was with a conscious disregard of Mr. GUPTA's rights because, under the circumstances, it reflected a complete indifference to Mr. GUPTA's safety or rights.

///

///

COMPLAINT

## VI.

## SECOND CAUSE OF ACTION

### Negligence

### [Against the CITY OF ORANGE, DOE Officer SANDRA and DOE Officer 2]

Plaintiff BRUNO GUPTA incorporates by reference all prior allegations pled in this complaint.

20. DOE Officer SANDRA and DOE Officer 2 had a duty to Mr. GUPTA under California law to exercise ordinary care and prudence in their conduct and actions so as not to cause harm or injury to others, including Mr. GUPTA.

21. DOE Officer SANDRA and DOE Officer 2 breached the duty they owed to Mr. GUPTA to exercise ordinary care by arresting Mr. GUPTA for doing nothing more than meditating in a park. DOE Officer SANDRA and DOE Officer 2 had special training to identify whether someone was under the influence of a controlled substance and knew or should have known that Mr. GUPTA was not under the influence of a controlled substance.

22. DOE Officer SANDRA and DOE Officer 2's breach of the duty they owed to Mr. GUPTA was the direct, proximate, legal, and foreseeable cause of harm to Mr. GUPTA which includes emotional distress, mental suffering, and inconvenience.

23. The CITY OF ORANGE is vicariously liable for the damages on Mr. GUPTA's state law claims under the doctrine of *respondeat superior* and California Government Code section 815.2(a) because the officers were acting within the course and scope of their employment with the CITY OF ORANGE.

WHEREFORE Plaintiff BRUNO GUPTA, prays for relief as follows:

1. General damages according to proof at the time of trial;
2. Special damages according to proof at the time of trial;
3. Attorney fees pursuant to 42 U.S.C. § 1988;
4. Punitive damages against DOE Officer SANDRA and DOE Officer Number 2;

**COMPLAINT**

5. Costs of suit incurred herein and interest; and

6. Any further relief that this Court deems just and appropriate.

DATED: October 31, 2019

THE GILLILAND FIRM

s/ _____
Douglas S. Gilliland, Esq., attorneys
for Plaintiff BRUNO GUPTA

THE GILLILAND FIRM
402 West Broadway, Suite 1760
San Diego, California 92101
TEL (619) 878-1580  FAX (619) 878-6630

Electronically Filed by Superior Court of California, County of Orange, 11/01/2019 04:19:11 PM.
DAVID H. YAMASAKI, Clerk of the Court By Stephen Corona, Deputy Clerk. 30-2019-01109198-CU-CR-CJC ROA # 3

**CM-010**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Douglas S. Gilliland, Esq. (SBN 157427)<br>The Gilliland Firm<br>402 West Broadway, Suite 1760<br>San Diego, CA 92101<br>TELEPHONE NO.: (619) 878-1580  FAX NO.: (619) 878-6630<br>ATTORNEY FOR *(Name):* Bruno Gupta | **FOR COURT USE ONLY** |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Orange<br>STREET ADDRESS: 700 Civic Center Drive West<br>MAILING ADDRESS: Same<br>CITY AND ZIP CODE: Santa Ana, CA 92701<br>BRANCH NAME: Central Justice Center | |
| **CASE NAME:** Gupta v. City of Orange | |

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | **CASE NUMBER:** 30-2019-01109198-CU-CR-CJC |
|---|---|---|
| ☑ Unlimited   ☐ Limited<br>(Amount demanded exceeds $25,000)  (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: Judge Thomas A. Delaney<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

   **Auto Tort**
   ☑ Auto (22)
   ☐ Uninsured motorist (46)

   **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
   ☐ Asbestos (04)
   ☐ Product liability (24)
   ☐ Medical malpractice (45)
   ☐ Other PI/PD/WD (23)

   **Non-PI/PD/WD (Other) Tort**
   ☐ Business tort/unfair business practice (07)
   ☑ Civil rights (08)
   ☐ Defamation (13)
   ☐ Fraud (16)
   ☐ Intellectual property (19)
   ☐ Professional negligence (25)
   ☐ Other non-PI/PD/WD tort (35)

   **Employment**
   ☐ Wrongful termination (36)
   ☐ Other employment (15)

   **Contract**
   ☐ Breach of contract/warranty (06)
   ☐ Rule 3.740 collections (09)
   ☐ Other collections (09)
   ☐ Insurance coverage (18)
   ☐ Other contract (37)

   **Real Property**
   ☐ Eminent domain/Inverse condemnation (14)
   ☐ Wrongful eviction (33)
   ☐ Other real property (26)

   **Unlawful Detainer**
   ☐ Commercial (31)
   ☐ Residential (32)
   ☐ Drugs (38)

   **Judicial Review**
   ☐ Asset forfeiture (05)
   ☐ Petition re: arbitration award (11)
   ☐ Writ of mandate (02)
   ☐ Other judicial review (39)

   **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
   ☐ Antitrust/Trade regulation (03)
   ☐ Construction defect (10)
   ☐ Mass tort (40)
   ☐ Securities litigation (28)
   ☐ Environmental/Toxic tort (30)
   ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

   **Enforcement of Judgment**
   ☐ Enforcement of judgment (20)

   **Miscellaneous Civil Complaint**
   ☐ RICO (27)
   ☐ Other complaint *(not specified above)* (42)

   **Miscellaneous Civil Petition**
   ☐ Partnership and corporate governance (21)
   ☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action *(specify):* Two (2)
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 1, 2019

Douglas S. Gilliland
(TYPE OR PRINT NAME)    ▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

Case 8:19-cv-02382 Document 1-1 Filed 12/11/19 Page 9 of 16 Page ID #:12
Electronically Filed by Superior Court of California, County of Orange, 11/01/2019 04:19:11 PM.
DAVID H. YAMASAKI, Clerk of the Court By Stephen Corona, Deputy Clerk. 30-2019-01109198-CU-CR-CJC ROA # 4

| FW-001 | Request to Waive Court Fees | CONFIDENTIAL |

*Clerk stamps date here when form is filed.*

If you are getting public benefits, are a low-income person, or do not have enough income to pay for your household's basic needs and your court fees, you may use this form to ask the court to waive your court fees. The court may order you to answer questions about your finances. If the court waives the fees, you may still have to pay later if:
- You cannot give the court proof of your eligibility,
- Your financial situation improves during this case, or
- You settle your civil case for **$10,000** or more. The trial court that waives your fees will have a lien on any such settlement in the amount of the waived fees and costs. The court may also charge you any collection costs.

*Fill in court name and street address:*

**Superior Court of California, County of**
Orange County Superior Court
Central Justice Center
700 Civic Center Drive West
Santa Ana, CA 92701

(1) **Your Information** *(person asking the court to waive the fees):*
Name: Bruno Gupta
Street or mailing address: 953 Sonoma Street
City: Richmond   State: CA  Zip: 94805
Phone: 9494079799

*Fill in case number and name:*

**Case Number:**
30-2019-01109198-CU-CR-CJC

**Case Name:**
GUPTA vs. CITY OF ORANGE

(2) **Your Job,** if you have one *(job title):* **Food Delivery Driver**
Name of employer: GrubHub, Door Dash, Uber Eats, Post Mates.
Employer's address: N/A

(3) **Your Lawyer,** if you have one *(name, firm or affiliation, address, phone number, and State Bar number):*
Doug Gilliland (SBN ), THE GILLILAND FIRM, 402 West Broadway, Suite 1760, San Diego, CA, 92101.
6198781580

a. The lawyer has agreed to advance all or a portion of your fees or costs *(check one):* Yes [X]  No [ ]
b. *(If yes, your lawyer must sign here)* Lawyer's signature: _____
   *If your lawyer is not providing legal-aid type services based on your low income, you may have to go to a hearing to explain why you are asking the court to waive the fees.*

(4) **What court's fees or costs are you asking to be waived?**
   [X] Superior Court (See *Information Sheet on Waiver of Superior Court Fees and Costs* (form FW-001-INFO).)
   [ ] Supreme Court, Court of Appeal, or Appellate Division of Superior Court (See *Information Sheet on Waiver of Appellate Court Fees* (form APP-015/FW-015-INFO).)

(5) **Why are you asking the court to waive your court fees?**
   a. [X] I receive *(check all that apply; see form FW-001-INFO for definitions):* [ ] Food Stamps [ ] Supp. Sec. Inc.
      [ ] SSP [X] Medi-Cal [ ] County Relief/Gen. Assist. [ ] IHSS [ ] CalWORKS or Tribal TANF [ ] CAPI
   b. [X] My gross monthly household income (before deductions for taxes) is less than the amount listed below. *(If you check 5b, you must fill out 7, 8, and 9 on page 2 of this form.)*

| Family Size | Family Income | Family Size | Family Income | Family Size | Family Income | *If more than 6 people at home, add $460.42 for each extra person.* |
|---|---|---|---|---|---|---|
| 1 | $1,301.05 | 3 | $2,221.88 | 5 | $3,142.71 | |
| 2 | $1,761.46 | 4 | $2,682.30 | 6 | $3,603.13 | |

   c. [X] I do not have enough income to pay for my household's basic needs *and* the court fees. I ask the court to: *(check one and you **must** fill out page 2):*
      [X] waive all court fees and costs          [ ] waive some of the court fees
      [ ] let me make payments over time

(6) [ ] Check here if you asked the court to waive your court fees for this case in the last six months.
   *(If your previous request is reasonably available, please attach it to this form and check here:)* [ ]

**I declare under penalty of perjury under the laws of the State of California that the information I have provided on this form and all attachments is true and correct.**
Date: October 17, 2019
Bruno Gupta                                         ▶ /s/
*Print your name here*                                *Sign here*

Judicial Council of California, www.courts.ca.gov
Revised March 15, 2019, Mandatory Form
Government Code, § 68633
Cal. Rules of Court, rules 3.51, 8.26, and 8.818

**Request to Waive Court Fees**

FW-001, Page 1 of 2 →

Your name: Bruno Gupta

Case Number: 30-2019-01109198-CU-CR-CJC

*If you checked 5a on page 1, do not fill out below. If you checked 5b, fill out questions 7, 8, and 9 only. If you checked 5c, you **must** fill out this entire page. If you need more space, attach form MC-025 or attach a sheet of paper and write Financial Information and your name and case number at the top.*

**(7)** [X] Check here if your income changes a lot from month to month. If it does, complete the form based on your average income for the past 12 months.

**(8) Your Gross Monthly Income**

a. List the source and amount of *any* income you get each month, including: wages or other income from work before deductions, spousal/child support, retirement, social security, disability, unemployment, military basic allowance for quarters (BAQ), veterans payments, dividends, interest, trust income, annuities, net business or rental income, reimbursement for job-related expenses, gambling or lottery winnings, etc.

(1) GrubHub — $1,200
(2) Door Dash — $100
(3) Uber Eats — $100
(4) Post Mates — $100

b. Your total monthly income: $1,500

**(9) Household Income**

a. List the income of all other persons living in your home who depend in whole or in part on you for support, or on whom you depend in whole or in part for support.

| Name | Age | Relationship | Gross Monthly Income |
|---|---|---|---|
| (1) N/A | | | $ |
| (2) | | | $ |
| (3) | | | $ |
| (4) | | | $ |

b. Total monthly income of persons above: $

**Total monthly income *and* household income** (8b plus 9b): $1,500

**(10) Your Money and Property**

a. Cash — $0
b. All financial accounts *(List bank name and amount):*
 (1) Fidelity (Investment account) — $500
 (2) _____ $_____
 (3) _____ $_____

c. Cars, boats, and other vehicles

| Make / Year | Fair Market Value | How Much You Still Owe |
|---|---|---|
| (1) 2016 Honda Civic | $12,000 | $11,000 |
| (2) | $ | $ |
| (3) | $ | $ |

d. Real estate

| Address | Fair Market Value | How Much You Still Owe |
|---|---|---|
| (1) N/A | $ | $ |
| (2) | $ | $ |

e. Other personal property (jewelry, furniture, furs, stocks, bonds, etc.):

| Describe | Fair Market Value | How Much You Still Owe |
|---|---|---|
| (1) N/A | $ | $ |
| (2) | $ | $ |

**(11) Your Monthly Deductions and Expenses**

a. List any payroll deductions and the monthly amount below:
 (1) _____ $_____
 (2) _____ $_____
 (3) _____ $_____
 (4) _____ $_____

b. Rent or house payment & maintenance — $0
c. Food and household supplies — $500
d. Utilities and telephone — $0
e. Clothing — $50
f. Laundry and cleaning — $0
g. Medical and dental expenses — $0
h. Insurance (life, health, accident, etc.) — $0
i. School, child care — $0
j. Child, spousal support (another marriage) — $0
k. Transportation, gas, auto repair and insurance — $500
l. Installment payments *(list each below)*:
 Paid to:
 (1) Honda Dealership — $410
 (2) _____ $_____
 (3) _____ $_____

m. Wages/earnings withheld by court order — $0
n. Any other monthly expenses *(list each below).*
 Paid to: — How Much?
 (1) Car Maintenance/Upkeep — $200
 (2) _____ $_____
 (3) _____ $_____

**Total monthly expenses** *(add 11a –11n above):* $1,660

To list any other facts you want the court to know, such as unusual medical expenses, etc., attach form MC-025 or attach a sheet of paper and write Financial Information and your name and case number at the top.
 *Check here if you attach another page.* [X]

**Important!** If your financial situation or ability to pay court fees improves, you must notify the court within five days on form FW-010.

MC-025

| SHORT TITLE: Explaination of Monthly Income and Expenses | CASE NUMBER: 30-2019-01109198-CU-CR-CJC |
|---|---|

**ATTACHMENT** *(Number):* 1

*(This Attachment may be used with any Judicial Council form.)*

Monthly income is derived from food delivery services listed on page 2 and is approximately divided between each delivery service, although the total monthly income of $1,500 is accurate (GrubHub $1,200 and Doordash/UberEats/Postmates $300). Due to the nature of the job, expenses for gas and car maintenance (including mileage) are high. Medical/Dental expenses for the past 12 months cost $550, but are not recurring. Net income after expenses is between $340-$400 per month (after mileage deduction on 2,000 per month at the IRS rate of .58 per mile) depending on the amount of expenses and income derived from delivery service.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 1 of 1
*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT
to Judicial Council Form**

www.courtinfo.ca.gov

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

ALTERNATIVE DISPUTE RESOLUTION (ADR)
INFORMATION PACKAGE

NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):

Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its Web site as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

L1200 (Rev. February 2008)                                                                 Page 1 of 4

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ORANGE

## ADR Information

**Introduction.**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

**BENEFITS OF ADR.**

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

**Save Time.** A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

**Save Money.** When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

**Increase Control Over the Process and the Outcome.** In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

**Preserve Relationships.** ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction.** In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

**Improve Attorney-Client Relationships.** Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

**DISADVANTAGES OF ADR.**

ADR may not be suitable for every dispute.

**Loss of protections.** If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

**Less discovery.** There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

**Additional costs.** The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

**Effect of delays if the dispute is not resolved.** Lawsuits must be brought within specified periods of time, known as statues of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

## TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

**Arbitration.** In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

> **Cases for Which Arbitration May Be Appropriate.** Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

> **Cases for Which Arbitration May Not Be Appropriate.** If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation.** In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

> **Cases for Which Mediation May Be Appropriate.** Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

> **Cases for Which Mediation May Not Be Appropriate.** Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation.** In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

> **Cases for Which Neutral Evaluation May Be Appropriate.** Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.
>
> **Cases for Which Neutral Evaluation May <u>Not</u> Be Appropriate.** Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences.** Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

## ADDITIONAL INFORMATION.

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the Yellow Pages under "Arbitrators" or "Mediators"

Free mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA) For information regarding DRPA, contact:
- Institute for Conflict Management (714) 288-5600
- Community Service Programs, Inc. (949) 851-3168
- Orange County Human Relations (714) 834-7198
- Fair Housing Council of Orange County (714) 569-0827

For information on the Superior Court of California, County of Orange court ordered arbitration program, call (714) 834-3774 or refer to Local Rules 360 and 446.

The Orange County Superior Court is offering pilot programs for Civil Mediation and Early Neutral Evaluation (ENE) for civil cases filed at the Central Justice Center. For the Civil Mediation pilot program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) pilot programs is available on the Court's website at www.occourts.org, or by calling (714) 834-5309.

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name & Address): | FOR COURT USE ONLY |
|---|---|
| Telephone No.:     Fax No. (Optional): <br> E-Mail Address (Optional): <br> ATTORNEY FOR (Name):     Bar No: | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE** <br> JUSTICE CENTER: <br> ☑ Central – 700 Civic Center Dr. West, Santa Ana, CA 92701-4045 <br> ☐ Civil Complex Center – 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512 <br> ☐ Harbor-Laguna Hills Facility – 23141 Moulton Pkwy., Laguna Hills, CA 92653-1251 <br> ☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595 <br> ☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500 <br> ☐ West – 8141 13th Street, Westminster, CA 92683-0500 | |
| PLAINTIFF/PETITIONER: <br> DEFENDANT/RESPONDENT: | |
| **ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION** | CASE NUMBER: |

Plaintiff(s)/Petitioner(s),_____

_____

and defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐ Mediation

☐ Arbitration (must specify code)
        ☐ Under section 1141.11 of the Code of Civil Procedure
        ☐ Under section 1280 of the Code of Civil Procedure

☐ Neutral Case Evaluation

☐ Other (specify): _____

The ADR process must be completed no later than 90 days after the date of this Stipulation.

☐ Plaintiff(s)/Petitioner(s) and defendant(s)/respondent(s) further agree as follows:

_____

☐ The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals. We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court rule 3.720 et seq.

Date: _____     _____     _____
                          (SIGNATURE OF PLAINTIFF OR ATTORNEY)       (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date: _____     _____     _____
                          (SIGNATURE OF DEFENDANT OR ATTORNEY)     (SIGNATURE OF DEFENDANT OR ATTORNEY)

**ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**

Approved for Optional Use                                                        California Rules of Court, rule 3.221
L1270 (Rev February, 2008)