**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 19-2382-DOC (DFMx) Date: February 20, 2020

Title: BRUNO GUPTA v. CITY OF ORANGE et. al.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| | |
|---|---|
| Kelly Davis | Not Present |
| Courtroom Clerk | Court Reporter |
| ATTORNEYS PRESENT FOR PLAINTIFF: None Present | ATTORNEYS PRESENT FOR DEFENDANT: None Present |

**PROCEEDINGS (IN CHAMBERS): ORDER DENYING DEFENDANTS' MOTION TO DISMISS [9]**

Before the Court is Defendants' City of Orange, Doe Officer Sandra, and Doe Officer 2 ("Defendants") Motion to Dismiss ("Motion") (Dkt. 9). The Court finds these matters appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having reviewed the papers and considered the parties' arguments, the Court **DENIES** Defendants' Motion.

## I. Background

### A. Facts

The following facts are taken from the Complaint ("Compl.") (Dkt. 1-1). Plaintiff Bruno Gupta ("Plaintiff" or "Gupta") brings a 42 U.S.C. § 1983 action against the Defendants. *See generally* Compl. Plaintiff drove to Handy Park in the City of Orange on April 13, 2019. *Id*. ¶ 7. At approximately 11:00 a.m. he began to meditate in the park wearing shorts, no shirt, and wooden sandals. *Id*. As he was meditating, two uniformed police officers—Doe Officer Sandra and Doe Officer 2—approached him. *Id*. ¶ 8. Officer Sandra asked Mr. Gupta if he was an individual named Jose and inquired as to what Mr. Gupta was doing in the park. *Id*. Gupta replied that he was meditating. *Id*. Officer Sandra

measured Gupta's pulse and asked how he got to the park. *Id*. Gupta responded that he drove. *Id*.

The officers then placed the Plaintiff in handcuffs and asked if they could search his car. *Id*. Mr. Gupta allowed the search, and the officers found nothing of note. *Id*. The Officers then arrested Mr. Gupta for being under the influence of a controlled substance. *Id*. Mr. Gupta agreed to submit to a urine or breath test but did not want to take a blood test. *Id*. ¶ 9. The officers put Mr. Gupta in the back of the police car and took him to Orange County Men's Jail in Santa Ana. *Id*.

At the jail, a supervisor told Mr. Gupta that if he did not consent to a blood test then his blood would be taken by force. *Id*. ¶ 10. Gupta agreed to the test. *Id*. He was then booked for being under the influence of a controlled substance, held for approximately twelve hours, and then released after signing a promise to appear at a future hearing. *Id*. ¶ 11. On August 9, 2019, the Orange County District Attorney decided not to file any charges against Mr. Gupta. *Id*. ¶ 13.

### B. Procedural History

Plaintiff asserts claims against Defendants for (1) false arrest under 42 U.S.C. § 1983; and (2) negligence. Compl. ¶¶ 15–23. On December 11, 2019, Defendants removed the action to federal court. Dkt. 1. On December 18, 2019, Defendants filed a Motion to Dismiss. Dkt. 9. On January 12, 2020, Plaintiff opposed ("Opp'n") (Dkt. 11), and on January 16, 2020, Defendants replied ("Reply") (Dkt. 12).

## II. Legal Standard

### A. Failure to State a Claim

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, courts accept as true a plaintiff's well-pleaded factual allegations and construe all factual inferences in the light most favorable to the plaintiff. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Courts are not required to accept

as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678. In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and materials properly submitted with the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

Pursuant to Federal Rule of Civil Procedure 15(a), a court should grant leave to amend a complaint "when justice so requires," because "the purpose of Rule 15 ... [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). The Court may deny leave to amend, however, for a number of reasons, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1052 (2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## III. Discussion

Defendants move to dismiss on three grounds: (1) federal qualified immunity as to 42 U.S.C. § 1983; (2) state law governmental immunity as to the negligence claim; and (3) failure to state a claim as to the negligence claim. Mot. at 3. The Court addresses each argument in turn.

### 1. Qualified Immunity

Defendants argue that they are entitled to qualified immunity on the § 1983 cause of action because "Plaintiff fails to identify any existing legal precedent that shows the conduct allegedly engaged in by [the officers] amounts to constitutional deprivation that is 'beyond debate.'" *Id*. at 4. Instead, Defendants argue that Plaintiff summarily concludes that the officers' conduct violated the Fourth Amendment without providing any statutory authority or caselaw in support thereof. *Id*. Finally, Defendants contend that "it can be easily argued that the officers in this case had a reasonable belief the Plaintiff was under the influence" given his mannerisms, behavior, and pulse. *Id*.

Plaintiff responds arguing that there are no facts that support arrest in this case. Opp'n at 6. Plaintiff outlines that the Officers merely saw him in the park without a shirt, and after taking his pulse, arrested him. *Id*. On these facts, Plaintiff asserts that at most the Officers were "suspicious" that a crime had been committed. *Id*. But being suspicious is not enough. Further, Plaintiff argues that even if probable cause could be established at

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**



the time of arrest, "the record shows that any probable cause dissipated" because the Officers found no drugs or drug paraphernalia after searching Plaintiff's car. *Id*. at 6–7. Mr. Gupta also agreed to a breath or urine test. *Id*. at 7. Plaintiff argues that on these facts any probable cause would have dissipated. *Id*. Finally, Plaintiff argues that his rights were clearly established because "arresting a citizen without probable cause has been clearly established to violate the Fourth Amendment as early as 1997." *Id*.

In Reply, Defendants contend that Plaintiff has "[s]imply reiterate[d] the standard for probable cause" and failed to allege "a particularized law, case, or legal precedent that establishes" that the actions the Officers took in this case were unconstitutional beyond debate. Reply at 3. Instead, "Plaintiff attempts to inject his own constitutional analysis without providing any supporting case law or statutory authority." *Id*. Therefore, Plaintiff's cause of action under § 1983 must be dismissed. *Id*.

Qualified immunity, in actions brought pursuant to 42 U.S.C. § 1983, "protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person should have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The doctrine attempts to strike a balance between the twin interests in holding irresponsible public officials accountable and protecting reasonable officials "from harassment, distraction, and liability." *Id*.

"[T]he Supreme Court has 'repeatedly . . . stressed the importance of resolving immunity questions at the earliest possible stage in litigation.'" *Dunn v. Castro*, 621 F.3d 1196, 1199 (9th Cir. 2010) (quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)). Under the applicable pleading standard, the plaintiff must allege facts sufficient to make out a plausible claim that it would have been clear to the defendant officer that her conduct was unlawful in the situation she confronted. "Because qualified immunity is an affirmative defense from suit, not merely from liability, '[u]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery.'" *Doe By and Through Doe v. Petaluma City School Dist*., 54 F.3d 1447, 1449–50 (9th Cir. 1995) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

The Supreme Court has established a two-step process for deciding claims of qualified immunity. First, the court must decide whether the facts alleged, construed in the light most favorable to the injured party, demonstrate a violation of a constitutional right. If so, the court must then determine whether the right was "clearly established" at the time of the alleged violation. *Pearson*, 555 U.S. at 232. If no right was violated, or the

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**



right was not clearly established at the time, then qualified immunity protects the defendant official from suit.

The Supreme Court recently reiterated the longstanding principle that a "clearly established" constitutional right "should not be defined 'at a high level of generality.'" *White v. Pauly*, 137 S. Ct. 548, 552 (2017) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011)). Rather, it must be "particularized" to the facts of the case." *Id*. (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). Defining the right at too high a level of generality "avoids the crucial question whether the official acted reasonably in the particular circumstances that he or she faced." *Plumhoff v. Rickard*, 572 U.S. 765, 779 (2014). "[A] defendant cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it." *Id*. "In other words, 'existing precedent must have placed the statutory or constitutional question' confronted by the official 'beyond debate.'" *Id*. (quoting *al-Kidd*, 563 U.S. at 741).

"A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification." *Dubner v. City and County of San Francisco*, 266 F.3d 959, 964 (9th Cir. 2001). Probable cause to arrest exists when, "under the totality of the circumstances known to the arresting officer . . . a prudent person would believe the suspect had committed a crime." *Id*. at 966. "The long-prevailing standard of probable cause protects 'citizens from rash and unreasonable interferences with privacy and from unfounded charges of crime.'" *Maryland v. Pringle*, 540 U.S. 366, 370 (2003) (quoting *Brinegar v. United States*, 338 U.S. 160, 176 (1949)). While conclusive evidence of guilt is of course not necessary to establish probable cause, '[m]ere suspicion, common rumor, or even strong reason to suspect are not enough.'" *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007) (quoting *McKenzie v. Lamb*, 738 F.2d 1005, 1008 (9th Cir. 1984)).

At this stage in the litigation the Court accepts Plaintiff's allegations as true. That account runs as follows: Gupta was meditating in the park in shorts, no shirt, and wearing wooden sandals. Officer Sandra and Doe Officer 2 approached Gupta. Officer Sandra asked if he was an individual named Jose, and Gupta responded that he was not. Officer Sandra measured his pulse, asked him about where he was from and what he was doing, and asked him how he got to the park. Gupta responded that he drove. Gupta was placed in handcuffs, and the Officers asked if they could search his car. He agreed and nothing was found. Then the Officers arrested Mr. Gupta for being under the influence of a controlled substance, drove him to the jail, and asked him if he would submit to a blood

test. Gupta refused and instead offered to take a urine or breath test. Once at the jail, Gupta agreed to a blood test, was held for twelve hours, and was then released. Gupta was never charged with a crime.

At this stage in the case, it is impossible for this Court to make a fair determination of probable cause or qualified immunity. Specifically, the Court has no information about what Officer Sandra and Doe Officer Two knew when they arrested Mr. Gupta. For example, the Court has no information about whether Mr. Gupta's pulse was abnormal when Officer Sandra measured his pulse at the park. Further, the Court has no knowledge of the results of Gupta's blood test at the jail. Without these facts, it is impossible to determine whether "under the totality of the circumstances known to the arresting officer . . . a prudent person would believe the suspect had committed a crime." *Dubner*, 266 F.3d at 966.

The Court also cannot determine whether Gupta's rights were clearly established at the time of his arrest. Surely, it is clearly established that the Officers could not arrest Gupta *knowing* that they did not have probable cause to do so. But without more information about the Officers knowledge at the time of arrest, making a definite determination about whether "any reasonable official in the defendant's shoes would have understood that [s]he was violating [Gupta's rights]" is not possible. " *Plumhoff*, 572 U.S. at 779.

Therefore, Defendants' Motion to Dismiss the § 1983 claim is **DENIED** at this stage.

### 2. State Governmental Immunity

Defendants argue that the Defendant Officers are immune under California Government Code § 821.6, as their investigation into Mr. Gupta was "a necessary step toward the institution or prosecution of a judicial proceeding." Mot. at 7. Further, Defendants argue that the Defendant Officers are further immune under California Penal Code § 847(b), as the Officers had reasonable cause to believe the arrest of Mr. Gupta was lawful. *Id*. at 7–8. Finally, because the officers are immune under the Code, Defendants argue that the Defendant City of Orange is also immune under California Government Code § 815.2(b), which provides that a public entity is not liable for an act of an employee where the employee is immune from liability. *Id*.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**



For the same reasons as above, the Court finds that it is improper to find that Defendants' are immune from liability at this stage in the litigation. Accordingly, Defendants' Motion to Dismiss based on immunity under state law is **DENIED**.

**3. Failure to State a Claim**

Defendants separately move to dismiss the negligence cause of action for failure to state a claim. Mot. at 8. Defendants argue Plaintiff alleges the wrong duty of care and fails to articulate how he was actually and proximately harmed. *Id*. at 8–9.

Plaintiff contends that he has properly alleged a negligence cause of action and that "[i]t is clear that 12 hours in jail based on a false arrest would cause emotional distress, mental suffering, and invonvenience." Opp'n at 10.

The Court finds that the allegations in the complaint, if true, can support a finding of negligence. Accordingly, the Motion to Dismiss the negligence cause of action is **DENIED**.

## IV. Disposition

Accordingly, the Court **DENIES** Defendants' Motion.

The Clerk shall serve this minute order on the parties.

Initials of Deputy Clerk: kd